# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD, ILLINOIS

Estate of PATRICK BURNS, deceased )
By Richard Burns, Executor, )
  )
                Plaintiff, )
  )
vs. )    Cause No. 3:11-cv-03020
  )
SANGAMON COUNTY )    JURY TRIAL DEMANDED
SHERIFF'S DEPARTMENT; )
  SERVE:    #1 Sheriff's Plaza )
                Springfield, IL 62701 )
  )
NEIL WILLIAMSON, )
SHERIFF OF SANGAMON COUNTY, )
in his official capacity; )
  SERVE:    #1 Sheriff's Plaza )
                Springfield, IL 62701 )
  )
LIEUTENANT BRIAN BRESSAN, )
in both his official capacity and in his )
individual capacity; )
  SERVE:    #1 Sheriff's Plaza )
                Springfield, IL 62701 )
  )
DEPUTY ANDREW BRASHEAR, )
in both his official capacity and in his )
individual capacity; )
  SERVE:    #1 Sheriff's Plaza )
                Springfield, IL 62701 )
  )
DEPUTY MICHAEL HARTH, )
in both his official capacity and in his )
individual capacity; )
  SERVE:    #1 Sheriff's Plaza )
                Springfield, IL 62701 )
  )
DEPUTY JOHN OSMER, )
in both his official capacity and in his )
individual capacity; )
  SERVE:    #1 Sheriff's Plaza )
                Springfield, IL 62701 )
  )

| | |
|---|---|
| DEPUTY TERRENCE RODERICK, | ) |
| in both his official capacity and in his | ) |
| individual capacity; | ) |
| SERVE:    #1 Sheriff's Plaza | ) |
|               Springfield, IL 62701 | ) |
| | ) |
| AND OTHER UNIDENTIFIED SANGAMON | ) |
| COUNTY DEPUTIES, | ) |
| | ) |
|                      Defendants. | ) |

# COMPLAINT

COMES NOW Plaintiff, by and through counsel, and for his Complaint against Defendants, jointly and severally, states and alleges as follows:

## NATURE OF CASE

1. This suit arises from violations of the civil rights of Patrick Burns, in violation of 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments of the United State Constitution, the Illinois State Constitution and Illinois law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 with ancillary state law claims. Jurisdiction is based upon 28 U.S.C. §§ 1331, 1332 and 1367. Plaintiff demands a trial by jury.

## VENUE

3. The violation of civil rights alleged herein was committed in the City of Springfield, Sangamon County, State of Illinois, which is within and this action properly lies in the United States District Court for the Central District of Illinois, Springfield Division.

**PARTIES**

4. Decedent Patrick Burns was a resident of the City of Springfield, Sangamon County, State of Illinois, as of the date of the occurrences described herein and as of the date of his death on January 28, 2010.

5. Plaintiff is the Executor of the Estate of Richard Burns and is the surviving brother of Patrick Burns whose wrongful death was caused by the Defendants. Plaintiff Richard Burns is a resident of Volusia County, State of Florida.

6. Defendants are Neil Williamson, as Sheriff of Sangamon County, who is legally responsible to control and operate the Sangamon County Sheriff's Department; and the following individuals who are employees and agents of the Sheriff working in the Sheriff's Department: Lieutenant Brian Bressan, Deputy Andrew Brashear, Deputy Michael Harth, Deputy John Osmer, Deputy Terrence Roderick, and other unidentified Sangamon County Deputies.

7. All individual deputies identified as Defendants herein were, at all times relevant to this Complaint, employees / agents of the Sheriff of Sangamon County or Sangamon County Sheriff's Department.

8. All individual Defendants were residents of Sangamon County, State of Illinois at all times relevant to this Complaint.

9. All individual Defendants, with the exception of Sheriff Neil Williamson, are named in their official capacities, but sued as individuals herein. Defendant Sheriff Neil Williamson is sued only in his official capacity as Sheriff.

**BACKGROUND FACTS**

10. On or about January 23, 2010, Defendants Bressan, Brashear, Harth, Osmer, Roderick, and other unidentified Sangamon County deputies were dispatched to a report of a

home invasion at 1401 North Wesley in Springfield, Illinois. When deputies arrived, they encountered an injured and bleeding Patrick Burns lying calmly in a drainage ditch at that location; the caller informed the deputies that Patrick Burns was the perpetrator of the home invasion.

11. Patrick Burns was compliant with deputies' requests and informed deputies that he had been drinking and was on prescription medication.

12. Deputies also went to Patrick Burns' home a couple blocks away to interview his fiancée, who informed the deputies that Patrick Burns suffered from psychiatric conditions and was on prescription medication and had been drinking.

13. Defendant deputies made no attempt to arrest Patrick Burns or charge him with a crime. Defendant Deputy Brashear began to take pictures of Patrick Burns, which aggravated Patrick Burns and the situation accelerated to a struggle.

14. Patrick Burns, who was unarmed, was surrounded by at least four deputies (Defendant Deputies Brashear, Harth, Osmer, and Roderick), at least two of which (Defendant Deputies Osmer and Roderick) had their hands on his extremities. Despite this, Defendant Deputy Brashear chose to repeatedly deploy his Taser on Patrick Burns instead of lending a third set of hands to quickly subdue Patrick Burns.

15. Despite more deputies and law enforcement personnel arriving, other deputies began deploying their Tasers as well. Defendant Deputies Brashear, Osmer, Roderick, Harth, and possibly other deputies deployed their Tasers on Patrick Burns. At this time, there were at least six law enforcement personnel (Defendant Deputies Brashear, Harth, Osmer, and Roderick, and Lieutenant Bressan, and an off-duty Illinois Department of Corrections Officer) with Patrick Burns, who was already in handcuffs.

16. Defendant Deputies chose to place handcuffs around Patrick Burns' ankles and then connect those handcuffs behind his back to the ones around his wrists, effectively "hogtying" Patrick Burns. Despite Patrick Burns already being handcuffed, Defendant Deputy Harth used "control strikes" against Patrick Burns as the Defendant Deputies were trying to maneuver Patrick Burns into the awkward and unnatural "hogtied" position.

17. Despite being "hogtied", Defendant Deputies continued to deploy their Tasers on Patrick Burns. During the incident, at least four (4) Tasers were deployed for a total of at least twenty-one (21) times against Patrick Burns.

18. When Defendant Deputies finally allowed ambulance personnel to tend to the injuries Patrick Burns sustained in the incident, which included multiple abrasions, contusions and lacerations of the face, hands, wrists, ankles, chest and back and epidural hemorrhage of the spinal cord, they would not permit the ambulance personnel to place Patrick Burns in the proper restraints for transport in the ambulance and instead kept Patrick Burns "hogtied" and in the prone position.

19. Defendant Deputies Osmer and Roderick rode with Patrick Burns in the ambulance on the way to the hospital and refused to allow ambulance personnel to properly treat Patrick Burns and properly position him to maintain his airway and monitor his vitals.

20. Upon arrival at the hospital, the medical staff noted that they could not locate Patrick Burns' pulse, and after all of the handcuffs were removed, CPR was begun by the medical staff, but it was too late and Patrick Burns could not be revived.

21. Patrick Burns remained on life support and died in the hospital on January 28, 2010, an autopsy performed by a forensic pathologist retained by Patrick Burns' family was conducted and the forensic pathologist opined that Patrick Burns suffered from multiple

abrasions, contusions and lacerations of the face, hands, wrists, ankles, chest and back, epidural hemorrhage of the spinal cord, pulmonary congestion and edema, and cerebral edema due to anoxic brain injury and death was due to anoxic brain injury due to restraint in a prone position while hogtied.  Significant contributing factors in his death were physical subdual, multiple applications of Taser devices and chronic cocaine abuse.

22.  At all times mentioned herein, the Sangamon County Sheriff's Department had written policies regarding arrest procedures, including the use of Tasers and the use of force.

23.  Unwritten customs and accepted practices have developed at the Sangamon County Sheriff's Department over time, some of which reflect the accepted interpretation of the written policies. Some of these customs and practices (as in use of Tasers and other force) were accepted and approved by the Sangamon County Sheriff's Department administration and supervisors as consistent with the written policies.  Other customs and practices relating to the use of Tasers and other force have been considered violations of the written policies by Sangamon County Sheriff's Department administration; however, few, if any, steps have been taken to correct the violations of the Sangamon County Sheriff's Department's own written policies.  Accordingly, the violation of the Sangamon County Sheriff's Department's written policies relating to the use of Tasers and other force have become accepted practices and customs for the Sangamon County Sheriff's Department.

24.  Whether or not the customs and practices are deemed violations of the Sangamon County Sheriff's Department's written policies, the customs and practices described in the counts below constitute deliberate indifference to the risks of harm to individuals (including Patrick Burns) by both supervisory and non-supervisory employees and agents of the Sheriff and are in direct violation of Patrick Burns' constitutional rights.

25. As of and prior to January, 2010, the Sheriff, in his official capacity, was ultimately responsible for administration of the policies, customs and practices described herein.

## COUNT I

### FEDERAL CLAIM FOR CRUEL AND UNUSUAL TREATMENT AND EXCESSIVE USE OF FORCE BY DEFENDANTS LIEUTENANT BRESSAN, DEPUTY BRASHEAR, DEPUTY HARTH, DEPUTY OSMER, DEPUTY RODERICK, AND OTHER UNIDENTIFIED SANGAMON COUNTY DEPUTIES.

26. Plaintiff incorporates by reference as if fully set forth herein, each and every allegation contained in all paragraphs and subparagraphs hereinabove.

27. During Patrick Burns' unlawful arrest and subsequent detainment, the above named Defendants, acting under the color of state law, intentionally and/or recklessly mistreated Patrick Burns and used, or allowed to be used, much greater force than was necessary to preserve the peace and maintain order or to overcome any resistance to authority because Patrick Burns was not threatening with a weapon and Defendants were in no imminent danger. Thus, the force used by the individual Defendants was "excessive force" under the circumstances.

28. The acts described herein constitute cruel and unusual punishment.

29. Under the circumstances that existed on January 23, 2010, Defendants used, and allowed to be used, greater force than was necessary in handling Patrick Burns, to wit:

    a. Four or more Tasers were deployed at least twenty-one times on Patrick Burns;

    b. Handcuffs were deployed in a manner to effectively "hogtie" Patrick Burns;

    c. Tasers were deployed and significant pressure was applied to Patrick Burns' torso while he was laying face down "hogtied" on the muddy ground;

    d.      Defendants kept Patrick Burns in a "hogtied" position while prone in the ambulance on the way to the hospital, hampering his airway and preventing ambulance personnel from adequately treating Patrick Burns and monitoring his airway and vitals.

30.    As a direct and proximate result of the Defendants' actions, including the actions of other unidentified Sangamon County Sheriff's Deputies, Patrick Burns' heart and respiration ceased, and he subsequently died due to anoxic brain injury due to restraint in a prone position while hogtied.

31.    All Individual Defendants acted under color of state law and recklessly and intentionally used excessive force and/or unreasonable force in arresting and detaining Patrick Burns and Defendant Deputies Osmer and Roderick recklessly and intentionally used excessive force and/or unreasonable force in supervising his transport to a local hospital for medical evaluation and treatment of his injuries sustained by said arrest and detainment, in violation of his rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable seizures, in violation of 42 U.S.C. § 1983.

32.    The actions of Defendants described herein were done while Patrick Burns was in their custody and were done with malice and/or reckless indifference to Patrick Burns' federally protected rights.

33.    As a result of Defendants' actions, Richard Burns' estate sustained damages in excess of $75,000.00.

WHEREFORE, Plaintiff Estate of Patrick Burns, by Richard Burns, Executor of the Estate of Patrick Burns, deceased, prays for judgment in favor of the estate and against Defendants for the following relief:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Plaintiff's reasonable attorney's fees and costs; and,

    d.    Such further and other relief that this Court deems just and proper.

## COUNT II

### FEDERAL "MONELL" CLAIM FOR CRUEL AND UNUSUAL TREATMENT AND EXCESSIVE USE OF FORCE AGAINST DEFENDANTS SANGAMON COUNTY SHERIFF'S DEPARTMENT AND DEFENDANT SHERIFF NEIL WILLIAMSON

34. Plaintiff incorporates by reference as if fully set forth herein, each and every allegation contained in all paragraphs and subparagraphs hereinabove.

35. Defendant Sangamon County Sheriff's Department and Defendant Sheriff Neil Williamson have a pattern and practice of deploying Taser guns without providing their deputies sufficient training regarding their use.

36. Defendant Sangamon County Sheriff's Department and Defendant Sheriff Neil Williamson, have a pattern and practice of encouraging the deployment of Taser guns when such use of force is not necessary or justified.

37. Defendant Sangamon County Sheriff's Department and Defendant Sheriff Neil Williamson, have a pattern and practice of deploying Taser guns knowing that the use of such weapons can cause permanent and serious bodily harm, especially when combined with force and restraint which restricts respiration.

38. Defendant Sangamon County Sheriff's Department and Defendant Sheriff Neil Williamson, have a pattern and practice of not disciplining its deputies who do not use Taser guns appropriately.

39. The policies and procedures of Defendant Sangamon County Sheriff's Department and Defendant Sheriff Neil Williamson caused Patrick Burns to be deprived of his life in violation of the Fourth and Fourteenth Amendments of the United States Constitution as well as in violation of the Constitution of the State of Illinois and Illinois law.

40. As a result of Defendants' actions, Richard Burns' estate sustained damages in excess of $75,000.00.

WHEREFORE, Plaintiff Richard Burns, Executor of the Estate of Patrick Burns, deceased, prays for judgment in favor of the estate and against Defendant Sangamon County Sheriff's Department and Defendant Sheriff Neil Williamson in his official capacity for the following relief:

a. A declaration that the acts and practices described of herein are in violation of 42 U.S.C. § 1983;

b. An injunction to permanently restrain these violations of 42 U.S.C. § 1983;

c. Plaintiff's reasonable attorney's fees and costs;

d. Compensatory damages in an amount to be determined by a jury;

e. Punitive damages in an amount to be determined by a jury;

f. Plaintiff's reasonable attorney's fees, costs, and prejudgment interest as provided by 42 U.S.C. § 2000; and,

g. Such further and other relief that this Court deems just and proper.

## COUNT III

**STATE CLAIM FOR WRONGFUL USE OF EXCESSIVE FORCE
AGAINST ALL DEFENDANTS**

41. Plaintiff incorporates by reference as if fully set forth herein, each and every allegation contained in all paragraphs and subparagraphs hereinabove.

42. At all times relevant to this claim, Defendant Lieutenant Bressan, Defendant Deputy Brashear, Defendant Deputy Harth, Defendant Deputy Osmer, Defendant Deputy Roderick were employees and agents of the Defendant Sheriff Neil Williamson and Defendant Sangamon County Sheriff's Department.

43. On January 23, 2010, Defendant Lieutenant Bressan, Defendant Deputy Brashear, Defendant Deputy Harth, Defendant Deputy Osmer, Defendant Deputy Roderick wrongfully used excessive force against Patrick Burns, to wit:

   a. Four or more Tasers were deployed at least twenty-one times on Patrick Burns;

   b. Handcuffs were deployed in a manner to effectively "hogtie" Patrick Burns;

   c. Tasers were deployed and significant pressure was applied to Patrick Burns' torso while he was laying face down "hogtied" on the muddy ground;

   d. Defendants kept Patrick Burns in a "hogtied" position while prone in the ambulance on the way to the hospital, hampering his airway and preventing ambulance personnel from adequately treating Patrick Burns and monitoring his airway and vitals.

44. In using said excessive force described herein, Defendants had no privilege, qualified immunity, or official immunity because Defendants acted in bad faith and with malice with an actual intent to cause injury.

45. The force described herein used by individual Defendants upon Patrick Burns was not reasonably necessary force to preserve the peace and maintain order or to overcome any resistance to authority because Patrick Burns was not threatening with a weapon and Defendants were in no imminent danger. Thus, the force used by the individual Defendants was "excessive force" under the circumstances.

46. As a direct and proximate result of the foregoing wrongful acts which were willful or wanton on the part of said Defendants, Patrick Burns suffered physical injury and death.

47. Patrick Burns' next of kin has, and will in the future, suffered primary losses as a result of Patrick Burns' death.

48. Patrick Burns' next of kin, has also suffered non-economic losses and damages because of decedent's death, including, but not limited to, material services, companionship, happiness, felicity, and damages for grief, sorrow and mental suffering pursuant to 740 ILCS 180/2.

49. As a result of Defendants' actions, Richard Burns' estate sustained damages in excess of $75,000.00.

**WHEREFORE**, Plaintiff Richard Burns, Executor of the Estate of Patrick Burns, deceased, prays for judgment against Defendants in an amount over Seventy-Five Thousand Dollars ($75,000.00) in such sum which is fair and reasonable, for punitive damages, for Plaintiff's costs incurred and expended herein, and for such further and other relief this Court deems just and proper.

## COUNT IV

### STATE CLAIM FOR SURVIVAL ACT AND EXPENSES
### AGAINST ALL DEFENDANTS

50. Plaintiff incorporates by reference as if fully set forth herein, each and every allegation contained in all paragraphs and subparagraphs hereinabove.

51. This Count is brought pursuant to the Illinois Survival Act, 755 ILCS 5/27-6 for the medical, funeral and burial expenses and for the pain, suffering, abuse, and disability experienced by Patrick Burns prior to his death.

52. As a direct and proximate result of one or more of the foregoing willful and wanton acts or omissions, Patrick Burns experienced pain and suffering, punishment, loss of consciousness, loss of autonomic respiratory and pulmonary functions, hospitalization, disability and other injuries all prior to his death on January 28, 2011.

53. As a direct and proximate result of the death of Patrick Burns, his estate also incurred medical, funeral and burial expenses in excess of $75,000.00.

**WHEREFORE**, Plaintiff Richard Burns, Executor of the Estate of Patrick Burns, deceased, prays for judgment against Defendants in an amount over Seventy-Five Thousand Dollars ($75,000.00) in such sum which is fair and reasonable, for punitive damages, for Plaintiff's costs incurred and expended herein, and for such further and other relief this Court deems just and proper.

OCHS & KLEIN, ATTORNEYS, P.C.

By: _*/s/ James C. Ochs*_
JAMES C. OCHS, ARDC #6141902
STEPHEN P. DOWIL, ARDC #6291514
149 N. Meramec, 2nd Floor
Clayton, MO 63105
Telephone: (314) 727-2111
Facsimile: (314) 727-2110
jco@ochsklein.com
spd@ochsklein.com

ATTORNEYS FOR PLAINTIFF